IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JONATHAN O'DUFFY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MAGIC LEAP, INC., a Delaware corporation,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR PERSONAL INJURY |

COMES NOW Plaintiff, JONATHAN O'DUFFY, by and through his attorney of record, Patrick Cook of Walthew, Thompson, Kindred, Costello, Winemiller & Cook, P.S., against Defendant, MAGIC LEAP, INC. ("Magic Leap"), and states and alleges as follows:

## I.   PARTIES

1. Plaintiff Jonathan O'Duffy, an individual, brings this action for injuries and damages he sustained while using Defendant Magic Leap's product in King County, Washington. At all times material hereto, he was a resident of King County, Washington.

2. Defendant Magic Leap, Inc. ("Magic Leap") is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Florida. At all times material hereto, Defendant Magic Leap engaged in business in the State of Washington and in King County.

COMPLAINT FOR PERSONAL INJURY - 1

WALTHEW, THOMPSON, KINDRED,
COSTELLO, WINEMILLER & COOK, P.S.
PO Box 34645, Seattle, WA 98124
3000 First Avenue, Seattle, WA
*tel* 206 623-5311  *fax* 206 623-6131

Exhibit A, Page 7 of 16

## II.   JURISDICTION & VENUE

3. This court has jurisdiction has over the parties and the subject matter of this action pursuant to RCW 4.28.185.

4. Venue is proper in King County pursuant to RCW 4.12.020 and RCW 4.12.025 because the facts surrounding this cause of action arose in King County and Defendant Magic Leap transacted business in King County, Washington.

## III.   FACTS

**THE MAGIC LEAP ONE CREATOR EDITION**

5. Defendant Magic Leap is a technology and software company specializing in the designing, manufacturing, testing, inspecting, marketing, selling, distributing, and servicing of augmented reality computing devices and wearable displays.

6. Defendant Magic Leap's designed, tested, manufactured, inspected, marketed, sold, distributed, and serviced the Magic Leap One Creator Edition ("Magic Leap One CE") device, an augmented reality device.

7. The device consists of three parts: "lightwear" headset; "lightpack" computer; and remote controller. All three parts work in unison to create an interactive spatial computing interface that overlays digital elements over the material world in real-time.

8. The Magic Leap One CE "lightwear" headset mounts on the user's head and covers their eyes like traditional glasses or goggles. It contains a six-layer waveguide display, eye tracking infrared sensors, and infrared-dot projectors which Defendant Magic Leap describes all together as "digital lightfield" technology. Defendant Magic Leap explains that "lightfield photonics generate digital light at different depths and blend seamlessly with natural light to produce lifelike digital objects that coexist with the real world".

COMPLAINT FOR PERSONAL INJURY - 2

WALTHEW, THOMPSON, KINDRED,
COSTELLO, WINEMILLER & COOK, P.S.
PO Box 34645, Seattle, WA  98124
3000 First Avenue, Seattle, WA
*tel* 206 623-5311  *fax* 206 623-6131

Exhibit A, Page 8 of 16

9. The Magic Leap One CE "lightpack" computer is a small, portable processing unit that attaches onto the user's pocket. It contains integrated GPU and CPU parts which enable the Magic Leap One CE's headset sensors to detect surfaces, planes, and objects, allowing digital reconstruction of the user's physical surroundings and the ability to interact with it.

10. The Magic Leap One CE remote controller contains a touchpad, bumper button, trigger, and home button. Defendant Magic Leap explains that the controller provides "six degrees of freedom", meaning the user can freely move and rotate digital content in space.

11. The Magic Leap One CE "Safety Guide & Regulatory Information" provided to users with the device warns of "Discomfort". The warning does not include any language pertaining to focal traumatic brain injuries, vergence/accommodation insufficiency, or vestibular function disorder.

**PLAINTIFF O'DUFFY'S TIMELINE OF INJURY**

12. On or around June 24, 2018, Plaintiff O'Duffy's employer, Virtual Therapeutics Corporation ("Virtual Therapeutics"), a healthcare technology company headquartered in Kirkland, WA, received an email invitation from Defendant Magic Leap to access its mobile application, TestFlight, and to participate in a user trial of Defendant Magic Leap's product, the Magic Leap One CE.

13. On or around July 9, 2018, Virtual Therapeutics received a prototype version of the Magic Leap One CE from Defendant Magic Leap for use in the said user trial. On or around that day, Plaintiff O'Duffy gained access to Defendant Magic Leap's developer's portal and used the Magic Leap One CE for the first time.

14. Between July 9, 2018, and August 1, 2018, Plaintiff O'Duffy worked daily with the Magic Leap One CE to write code and create applications to be used with the Magic Leap

COMPLAINT FOR PERSONAL INJURY - 3

WALTHEW, THOMPSON, KINDRED,
COSTELLO, WINEMILLER & COOK, P.S.
PO Box 34645, Seattle, WA 98124
3000 First Avenue, Seattle, WA
tel 206 623-5311  fax 206 623-6131

Exhibit A, Page 9 of 16

One CE as part of the user trial. Every time he used the Magic Leap One CE, he only wore the headset for ten to fifteen minutes, but not longer than twenty.

15.     On or around August 8, 2018, Defendant Magic Leap released the Magic Leap One CE as commercially available. At or around this time, Virtual Therapeutics submitted an order to Defendant Magic Leap for at least two commercial Magic Leap One CE devices. At or around this time, Virtual Therapeutics was also permitted by Defendant Magic Leap to keep and use the prototype version of the Magic Leap One CE it had received as part of said user trial.

16.     Upon information and belief, Defendant Magic Leap's prototype and commercial versions of the Magic Leap One CE are identical in design and specifications and the prototype and commercial versions of the Magic Leap One CE were distributed with identical safety warnings and instructions for users of the devices.

17.     On or around August 13, 2018, Virtual Therapeutics received its order of commercial Magic Leap One CE devices. At or around this time, Plaintiff O'Duffy switched over to primarily using the commercial version of the Magic Leap One CE to perform his duties with Virtual Therapeutics. His use of the prototype Magic Leap One CE was limited.

18.     Between August 13, 2018, and October 2, 2018, Plaintiff O'Duffy used the commercial Magic Leap One CE daily, wearing the product's headset for only ten to fifteen-minute intervals. Plaintiff O'Duffy used the Magic Leap One CE during this time to write code and create applications for use on the Magic Leap One CE.

19.     On October 3, 2018, Plaintiff O'Duffy used the commercial Magic Leap One CE continuously throughout the day, taking regular breaks. Approximately between 3:00 and 5:00 p.m., he began experiencing severe, persistent eye pain while wearing the Magic Leap One CE's headset and took it off. He did not use the Magic Leap One CE the rest of the day. Plaintiff

COMPLAINT FOR PERSONAL INJURY - 4

WALTHEW, THOMPSON, KINDRED,
COSTELLO, WINEMILLER & COOK, P.S.
PO Box 34645, Seattle, WA 98124
3000 First Avenue, Seattle, WA
*tel* 206 623-5311  *fax* 206 623-6131

Exhibit A, Page 10 of 16

O'Duffy left work that day and went home where his severe eye pain continued, and an intense headache developed.

20. On October 5, 2018, Plaintiff O'Duffy attempted to wear the Magic Leap One CE headset but was forced to remove it immediately it as he experienced sharp, stabbing pain in his eyes.

21. After October 5, 2018, Plaintiff O'Duffy stopped using the Magic Leap One CE headset.

22. Following Plaintiff O'Duffy's initial injury on October 3, 2018, his eye pain continually worsened, and his ocular function and mental health declined. His diagnoses included, but were not limited to, convergence insufficiency, accommodative insufficiency, bilateral disorder of vestibular function, and unspecified focal traumatic brain injury.

23. Plaintiff O'Duffy's injuries and resulting diagnoses were proximately caused by his use of Defendant Magic Leap's product, the Magic Leap One CE.

### IV. CAUSE OF ACTION

24. In violation of the Washington Products Liability Act, RCW 7.72, et seq., at the time the Magic Leap One CE left the control of Defendant Magic Leap, it was defective and not reasonably safe. These defects include, but are not limited to, the conditions described in the following paragraphs:

25. **Design Defects**

    a. The Magic Leap One CE was not reasonably safe in its design.

    b. Defendant Magic Leap is strictly liable to Plaintiff O'Duffy because the Magic Leap One CE was unsafe to an extent beyond that which would be contemplated by an ordinary user.

COMPLAINT FOR PERSONAL INJURY - 5

WALTHEW, THOMPSON, KINDRED, COSTELLO, WINEMILLER & COOK, P.S.
PO Box 34645, Seattle, WA 98124
3000 First Avenue, Seattle, WA
tel 206 623-5311  fax 206 623-6131

Exhibit A, Page 11 of 16

    c. Defendant Magic Leap is strictly liable to Plaintiff O'Duffy because at the time of manufacture, and at the time the Magic Leap One CE left the control of Defendant Magic Leap, the likelihood that the Magic Leap One would cause injury or damage similar to that suffered by Plaintiff O'Duffy, and the seriousness of such injury or damage outweighed the burden on Defendant Magic Leap to design an augmented reality product that would have prevented his injuries and outweighed the adverse effect that an alternative design(s) that was practical and feasible would have on the usefulness of the Magic Leap One CE.

26. **Manufacturing Defects**

    a. The Magic Leap One CE was not reasonable safe due to a defect in construction which departs from the specifications for the product line as a whole.

27. **Failure to Warn**

    a. The Magic Leap One CE was not reasonably safe because adequate warnings or instructions were not provided with the Magic Leap One CE about the risks, dangers, and harms presented by the Magic Leap One CE.

    b. The Magic Leap One CE was not reasonably safe because adequate warnings or instructions were not provided after the Magic Leap One CE was manufactured when Defendant Magic Leap learned or should have learned about dangers connected with the Magic Leap One.

## V.    PROXIMATE CAUSE & DAMAGES

28. As a proximate cause of Defendant Magic Leap's tortious conduct, Plaintiff O'Duffy suffered significant personal injuries requiring medical treatment, and incurred pain and suffering, loss of enjoyment of life, temporary and permanent impairment, lost wages, and loss of earning capacity and other damages, to be provided at trial.

COMPLAINT FOR PERSONAL INJURY - 6

WALTHEW, THOMPSON, KINDRED,
COSTELLO, WINEMILLER & COOK, P.S.
PO Box 34645, Seattle, WA 98124
3000 First Avenue, Seattle, WA
*tel* 206 623-5311 *fax* 206 623-6131

Exhibit A, Page 12 of 16

## VI.     RELIEF REQUESTED

WHEREFORE, Plaintiff O'Duffy requests that the Court:

1. Award compensation to Plaintiff for his damages as may be proven at trial;

2. Award Plaintiff all applicable costs, attorney's fees, and other expenses as may be allowed by Washington law;

3. Award Plaintiff prejudgment interest on all out of pocket costs and expenses which were the direct and proximate result of the negligence alleged herein.

4. Grant Plaintiff free leave to amend his Complaint to conform to evidence and proof of fact during the pendency of this litigation;

5. Grant Plaintiff such other and further relief as the Court may determine just, reasonable, and/or equitable.

DATED this 28th day of September, 2021.

Signed: _____
Patrick Cook, WSBA# 28478
Caroline Golshan, WSBA# 56635
of WALTHEW, THOMPSON, KINDRED,
COSTELLO, WINEMILLER & COOK, P.S.
Attorney for Plaintiff
PO Box 34645, Seattle, WA  98124-1645
Telephone: 206-623-5311, Fax: 206-623-6131
Email: pcook@walthew.com

COMPLAINT FOR PERSONAL INJURY - 7

WALTHEW, THOMPSON, KINDRED,
COSTELLO, WINEMILLER & COOK, P.S.
PO Box 34645, Seattle, WA  98124
3000 First Avenue, Seattle, WA
*tel* 206 623-5311  *fax* 206 623-6131

Exhibit A, Page 13 of 16