UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JONATHAN O'DUFFY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MAGIC LEAP, INC., a Delaware Corporation.,<br><br>Defendant. | Case No. 2:21-cv-01433<br><br>**DECLARATION OF AMY L. SAACK IN SUPPORT OF MAGIC LEAP'S PETITION FOR REMOVAL** |

I, Amy L Saack, hereby declare as follows:

1. I am over the age of 18 and competent to testify as to the matters herein. I am one of the attorneys for Defendant Magic Leap, Inc.

2. In October 2019, we received written correspondence from Plaintiff's then counsel Robert Glickman.

3. Mr. Glickman wrote that Plaintiff had treated with multiple medical providers, undergoing numerous tests and treatment. At that time, a year after the original alleged incident, Mr. O'Duffy claimed to have ongoing issues with his eyes without improvement.

**DECLARATION OF AMY L. SAACK IN SUPPORT OF MAGIC LEAP'S PETITION FOR REMOVAL** - 1

**DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.**
701 5TH AVE, SUITE 5500
SEATTLE, WA 98101
**(206) 622-2295**

4. Defense counsel understands that Mr. O'Duffy also missed several months of work, which he claims is as a result of his alleged injuries. Mr. O'Duffy worked as a lead designer/ software engineer for Virtual Therapeutics.

5. Based on the above representations and the allegations in the Compliant regarding Plaintiff's damages, Magic Leap has a good faith basis to believe the amount in controversy exceeds $75,000.00.

6. Attached hereto as Exhibit A is a copy of the filings in the King County Superior Court action as of the date of the filing of Defendant's Petition for Removal.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 20th day of October, 2021.

*Amy Saack*

Amy L. Saack, WSBA #53923
asaack@davisrothwell.com

**DECLARATION OF AMY L. SAACK IN SUPPORT OF MAGIC LEAP'S PETITION FOR REMOVAL** - 2

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
701 5TH AVE, SUITE 5500
SEATTLE, WA 98101
(206) 622-2295

# CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2021, I caused the foregoing document to be sent via email and first class mail, and to be filed with the Clerk of the United States District Court for the Western District of Washington using the CM/ECF Filing System which will send notification of such filing to:

**Plaintiff's Counsel**
Patrick Cook, WSBA #28478
Caroline Golshan, WSBA #56635
Walthew, Thompson, Kindred, Costello,
Winemiller & Cook, P.S.
PO Box 34645
Seattle, WA 98124-1645
pcook@walthew.com
cgolshan@walthew.com

*Of Attorneys for Plaintiffs*

EXECUTED this 20th day of October, 2021, at Portland, Oregon.

       */s/ Geannie M. Sehorn*
       Geannie M. Sehorn, Legal Assistant

**DECLARATION OF AMY L. SAACK IN SUPPORT OF MAGIC LEAP'S PETITION FOR REMOVAL** - 3

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
701 5TH AVE, SUITE 5500
SEATTLE, WA 98101
(206) 622-2295

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| JONATHAN O'DUFFY | NO. 21-2-12870-6 SEA |
|---|---|
| Plaintiff(s) | ORDER SETTING CIVIL CASE SCHEDULE |
| vs | ASSIGNED JUDGE: RAJUL, Dept. 35) |
| Magic Leap, Inc. | FILED DATE: 09/28/2021 |
| Defendant(s) | TRIAL DATE:09/26/2022 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].
**You are required to give a copy of these documents to all parties in this case.**

3

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 09/28/2021 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*].<br>**$220 arbitration fee must be paid** | 03/08/2022 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration *[See KCLCR 4.2(a) and Notices on Page 2]*. | 03/08/2022 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 03/22/2022 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 04/25/2022 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 06/06/2022 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 06/20/2022 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 06/20/2022 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 08/08/2022 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 08/29/2022 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 09/06/2022 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 09/06/2022 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 09/12/2022 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 09/19/2022 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 09/19/2022 |
| | Trial Date [*See KCLCR 40*]. | 09/26/2022 |

The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:    09/28/2021

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule

7 governs these motions, which include discovery motions.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time.  However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule.  In addition,  discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B.  Original Documents/Working Copies/ Filing of Documents:  All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application.  Pre-registration to accept e-service is required.  E-Service generates a record of service document that can be e-filed.  Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court**.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.  The court may distribute orders electronically.  Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the  Ex Parte and Probate Department.**  Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count

includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

_____
PRESIDING JUDGE

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JONATHAN O'DUFFY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MAGIC LEAP, INC., a Delaware corporation,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR PERSONAL INJURY |

COMES NOW Plaintiff, JONATHAN O'DUFFY, by and through his attorney of record, Patrick Cook of Walthew, Thompson, Kindred, Costello, Winemiller & Cook, P.S., against Defendant, MAGIC LEAP, INC. ("Magic Leap"), and states and alleges as follows:

## I.   PARTIES

1. Plaintiff Jonathan O'Duffy, an individual, brings this action for injuries and damages he sustained while using Defendant Magic Leap's product in King County, Washington. At all times material hereto, he was a resident of King County, Washington.

2. Defendant Magic Leap, Inc. ("Magic Leap") is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Florida. At all times material hereto, Defendant Magic Leap engaged in business in the State of Washington and in King County.

COMPLAINT FOR PERSONAL INJURY - 1

WALTHEW, THOMPSON, KINDRED,
COSTELLO, WINEMILLER & COOK, P.S.
PO Box 34645, Seattle, WA 98124
3000 First Avenue, Seattle, WA
*tel* 206 623-5311  *fax* 206 623-6131

Exhibit A, Page 7 of 16

## II. JURISDICTION & VENUE

3. This court has jurisdiction has over the parties and the subject matter of this action pursuant to RCW 4.28.185.

4. Venue is proper in King County pursuant to RCW 4.12.020 and RCW 4.12.025 because the facts surrounding this cause of action arose in King County and Defendant Magic Leap transacted business in King County, Washington.

## III. FACTS

**THE MAGIC LEAP ONE CREATOR EDITION**

5. Defendant Magic Leap is a technology and software company specializing in the designing, manufacturing, testing, inspecting, marketing, selling, distributing, and servicing of augmented reality computing devices and wearable displays.

6. Defendant Magic Leap's designed, tested, manufactured, inspected, marketed, sold, distributed, and serviced the Magic Leap One Creator Edition ("Magic Leap One CE") device, an augmented reality device.

7. The device consists of three parts: "lightwear" headset; "lightpack" computer; and remote controller. All three parts work in unison to create an interactive spatial computing interface that overlays digital elements over the material world in real-time.

8. The Magic Leap One CE "lightwear" headset mounts on the user's head and covers their eyes like traditional glasses or goggles. It contains a six-layer waveguide display, eye tracking infrared sensors, and infrared-dot projectors which Defendant Magic Leap describes all together as "digital lightfield" technology. Defendant Magic Leap explains that "lightfield photonics generate digital light at different depths and blend seamlessly with natural light to produce lifelike digital objects that coexist with the real world".

COMPLAINT FOR PERSONAL INJURY - 2

WALTHEW, THOMPSON, KINDRED, COSTELLO, WINEMILLER & COOK, P.S.
PO Box 34645, Seattle, WA 98124
3000 First Avenue, Seattle, WA
tel 206 623-5311  fax 206 623-6131

Exhibit A, Page 8 of 16

9. The Magic Leap One CE "lightpack" computer is a small, portable processing unit that attaches onto the user's pocket. It contains integrated GPU and CPU parts which enable the Magic Leap One CE's headset sensors to detect surfaces, planes, and objects, allowing digital reconstruction of the user's physical surroundings and the ability to interact with it.

10. The Magic Leap One CE remote controller contains a touchpad, bumper button, trigger, and home button. Defendant Magic Leap explains that the controller provides "six degrees of freedom", meaning the user can freely move and rotate digital content in space.

11. The Magic Leap One CE "Safety Guide & Regulatory Information" provided to users with the device warns of "Discomfort". The warning does not include any language pertaining to focal traumatic brain injuries, vergence/accommodation insufficiency, or vestibular function disorder.

**PLAINTIFF O'DUFFY'S TIMELINE OF INJURY**

12. On or around June 24, 2018, Plaintiff O'Duffy's employer, Virtual Therapeutics Corporation ("Virtual Therapeutics"), a healthcare technology company headquartered in Kirkland, WA, received an email invitation from Defendant Magic Leap to access its mobile application, TestFlight, and to participate in a user trial of Defendant Magic Leap's product, the Magic Leap One CE.

13. On or around July 9, 2018, Virtual Therapeutics received a prototype version of the Magic Leap One CE from Defendant Magic Leap for use in the said user trial. On or around that day, Plaintiff O'Duffy gained access to Defendant Magic Leap's developer's portal and used the Magic Leap One CE for the first time.

14. Between July 9, 2018, and August 1, 2018, Plaintiff O'Duffy worked daily with the Magic Leap One CE to write code and create applications to be used with the Magic Leap

COMPLAINT FOR PERSONAL INJURY - 3

WALTHEW, THOMPSON, KINDRED, COSTELLO, WINEMILLER & COOK, P.S.
PO Box 34645, Seattle, WA 98124
3000 First Avenue, Seattle, WA
*tel* 206 623-5311 *fax* 206 623-6131

Exhibit A, Page 9 of 16

One CE as part of the user trial. Every time he used the Magic Leap One CE, he only wore the headset for ten to fifteen minutes, but not longer than twenty.

15. On or around August 8, 2018, Defendant Magic Leap released the Magic Leap One CE as commercially available. At or around this time, Virtual Therapeutics submitted an order to Defendant Magic Leap for at least two commercial Magic Leap One CE devices. At or around this time, Virtual Therapeutics was also permitted by Defendant Magic Leap to keep and use the prototype version of the Magic Leap One CE it had received as part of said user trial.

16. Upon information and belief, Defendant Magic Leap's prototype and commercial versions of the Magic Leap One CE are identical in design and specifications and the prototype and commercial versions of the Magic Leap One CE were distributed with identical safety warnings and instructions for users of the devices.

17. On or around August 13, 2018, Virtual Therapeutics received its order of commercial Magic Leap One CE devices. At or around this time, Plaintiff O'Duffy switched over to primarily using the commercial version of the Magic Leap One CE to perform his duties with Virtual Therapeutics. His use of the prototype Magic Leap One CE was limited.

18. Between August 13, 2018, and October 2, 2018, Plaintiff O'Duffy used the commercial Magic Leap One CE daily, wearing the product's headset for only ten to fifteen-minute intervals. Plaintiff O'Duffy used the Magic Leap One CE during this time to write code and create applications for use on the Magic Leap One CE.

19. On October 3, 2018, Plaintiff O'Duffy used the commercial Magic Leap One CE continuously throughout the day, taking regular breaks. Approximately between 3:00 and 5:00 p.m., he began experiencing severe, persistent eye pain while wearing the Magic Leap One CE's headset and took it off. He did not use the Magic Leap One CE the rest of the day. Plaintiff

COMPLAINT FOR PERSONAL INJURY - 4

WALTHEW, THOMPSON, KINDRED, COSTELLO, WINEMILLER & COOK, P.S.
PO Box 34645, Seattle, WA 98124
3000 First Avenue, Seattle, WA
tel 206 623-5311 fax 206 623-6131

Exhibit A, Page 10 of 16

O'Duffy left work that day and went home where his severe eye pain continued, and an intense headache developed.

20. On October 5, 2018, Plaintiff O'Duffy attempted to wear the Magic Leap One CE headset but was forced to remove it immediately it as he experienced sharp, stabbing pain in his eyes.

21. After October 5, 2018, Plaintiff O'Duffy stopped using the Magic Leap One CE headset.

22. Following Plaintiff O'Duffy's initial injury on October 3, 2018, his eye pain continually worsened, and his ocular function and mental health declined. His diagnoses included, but were not limited to, convergence insufficiency, accommodative insufficiency, bilateral disorder of vestibular function, and unspecified focal traumatic brain injury.

23. Plaintiff O'Duffy's injuries and resulting diagnoses were proximately caused by his use of Defendant Magic Leap's product, the Magic Leap One CE.

### IV. CAUSE OF ACTION

24. In violation of the Washington Products Liability Act, RCW 7.72, et seq., at the time the Magic Leap One CE left the control of Defendant Magic Leap, it was defective and not reasonably safe. These defects include, but are not limited to, the conditions described in the following paragraphs:

25. **Design Defects**

   a. The Magic Leap One CE was not reasonably safe in its design.

   b. Defendant Magic Leap is strictly liable to Plaintiff O'Duffy because the Magic Leap One CE was unsafe to an extent beyond that which would be contemplated by an ordinary user.

COMPLAINT FOR PERSONAL INJURY - 5

WALTHEW, THOMPSON, KINDRED,
COSTELLO, WINEMILLER & COOK, P.S.
PO Box 34645, Seattle, WA 98124
3000 First Avenue, Seattle, WA
*tel* 206 623-5311 *fax* 206 623-6131

Exhibit A, Page 11 of 16

c. Defendant Magic Leap is strictly liable to Plaintiff O'Duffy because at the time of manufacture, and at the time the Magic Leap One CE left the control of Defendant Magic Leap, the likelihood that the Magic Leap One would cause injury or damage similar to that suffered by Plaintiff O'Duffy, and the seriousness of such injury or damage outweighed the burden on Defendant Magic Leap to design an augmented reality product that would have prevented his injuries and outweighed the adverse effect that an alternative design(s) that was practical and feasible would have on the usefulness of the Magic Leap One CE.

26. **Manufacturing Defects**

a. The Magic Leap One CE was not reasonable safe due to a defect in construction which departs from the specifications for the product line as a whole.

27. **Failure to Warn**

a. The Magic Leap One CE was not reasonably safe because adequate warnings or instructions were not provided with the Magic Leap One CE about the risks, dangers, and harms presented by the Magic Leap One CE.

b. The Magic Leap One CE was not reasonably safe because adequate warnings or instructions were not provided after the Magic Leap One CE was manufactured when Defendant Magic Leap learned or should have learned about dangers connected with the Magic Leap One.

V. **PROXIMATE CAUSE & DAMAGES**

28. As a proximate cause of Defendant Magic Leap's tortious conduct, Plaintiff O'Duffy suffered significant personal injuries requiring medical treatment, and incurred pain and suffering, loss of enjoyment of life, temporary and permanent impairment, lost wages, and loss of earning capacity and other damages, to be provided at trial.

COMPLAINT FOR PERSONAL INJURY - 6

WALTHEW, THOMPSON, KINDRED, COSTELLO, WINEMILLER & COOK, P.S.
PO Box 34645, Seattle, WA 98124
3000 First Avenue, Seattle, WA
*tel* 206 623-5311 *fax* 206 623-6131

Exhibit A, Page 12 of 16

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff O'Duffy requests that the Court:

1. Award compensation to Plaintiff for his damages as may be proven at trial;

2. Award Plaintiff all applicable costs, attorney's fees, and other expenses as may be allowed by Washington law;

3. Award Plaintiff prejudgment interest on all out of pocket costs and expenses which were the direct and proximate result of the negligence alleged herein.

4. Grant Plaintiff free leave to amend his Complaint to conform to evidence and proof of fact during the pendency of this litigation;

5. Grant Plaintiff such other and further relief as the Court may determine just, reasonable, and/or equitable.

DATED this 28th day of September, 2021.

Signed: _____
Patrick Cook, WSBA# 28478
Caroline Golshan, WSBA# 56635
of WALTHEW, THOMPSON, KINDRED,
COSTELLO, WINEMILLER & COOK, P.S.
Attorney for Plaintiff
PO Box 34645, Seattle, WA 98124-1645
Telephone: 206-623-5311, Fax: 206-623-6131
Email: pcook@walthew.com

COMPLAINT FOR PERSONAL INJURY - 7

WALTHEW, THOMPSON, KINDRED,
COSTELLO, WINEMILLER & COOK, P.S.
PO Box 34645, Seattle, WA 98124
3000 First Avenue, Seattle, WA
*tel* 206 623-5311 *fax* 206 623-6131

Exhibit A, Page 13 of 16

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JONATHAN O'DUFFY, an individual, | ) |
| | ) Case No. 21-2-12870-6 SEA |
| Plaintiff, | ) |
| v. | ) **NOTICE OF APPEARANCE** |
| | ) |
| MAGIC LEAP, INC., a Delaware corporation, | ) |
| | ) |
| Defendant. | ) ***(CLERK'S ACTION REQUIRED)*** |
| | ) |

TO: Clerk of Court and All Parties and their Counsel:

PLEASE TAKE NOTICE that Defendant MAGIC LEAP, INC. appears in this action by and through the law firm of Davis Rothwell Earle & Xochihua, P.C., by the undersigned attorneys. This appearance is made without waiving objections or defenses, including but not limited to an appropriate venue, improper service, lack of jurisdiction or statute of limitations.

Please serve all future pleadings or papers in this action, with the exception of process, upon the undersigned attorneys at the below address:

///

///

///

**NOTICE OF APPEARANCE - 1**

L:\02\O'DUFFY\PLD\NOA.docx

**DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T: (503) 232-4422 F: (503) 222-4428

| | |
|---|---|
| 1 | William A. Davis |
| | John E. Moore |
| 2 | Amy L. Saack |
| | DAVIS ROTHWELL EARLE & XOCHIHUA, P.C. |
| 3 | 200 SW Market Street, Suite 1800 |
| | Portland, OR 97201 |
| 4 | Telephone: 503-222-4422 |
| | Facsimile: 503-222-4428 |
| 5 | |
| 6 | DATED this 1st day of October, 2021. |
| 7 | DAVIS ROTHWELL |
| | EARLE & XÓCHIHUA, P.C. |
| 8 | |
| 9 | *[signature: Amy Saack]* |
| | William A. Davis, WSBA #14020 |
| 10 | wdavis@davisrothwell.com |
| | John E. Moore, WSBA #45558 |
| 11 | jmoore@davisrothwell.com |
| | Amy L. Saack, WSBA #53923 |
| 12 | asaack@davisrothwell.com |
| | Of Attorneys for Defendant |

**NOTICE OF APPEARANCE - 2**

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T: (503) 232-4422 F: (503) 222-4428

L:\02\O'DUFFY\PLD\NOA.docx

Exhibit A, Page 15 of 16

# CERTIFICATE OF SERVICE

I, Geannie M. Sehorn, hereby certify under penalty of perjury under the laws of the State of Washington that on this date, I served **NOTICE OF APPEARANCE** via King County ECF, via USPS First Class Mail and via email, a copy of the foregoing to the following persons:

Patrick Cook, WSBA #28478
Caroline Golshan, WSBA #56635
Walthew, Thompson, Kindred, Costello,
Winemiller & Cook, P.S.
PO Box 34645
Seattle, WA 98124-1645
pcook@walthew.com
cgolshan@walthew.com
    *Of Attorneys for Plaintiffs*

EXECUTED this 1st day of October, 2021, at Portland, Oregon.

*/s/ Geannie M. Sehorn*
Geannie M. Sehorn, Legal Assistant

**CERTIFICATE OF SERVICE - 1**

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

L:\02\O'DUFFY\PLD\NOA.docx

Exhibit A, Page 16 of 16